Zegir **BUGACI, Kaleme Bugaci, Rudolf Bugaci, Roland Bugaci,** Petitioners,

v.

Alberto R. **GONZALES,**[1] **Attorney General, Respondent.**

Nos. 03–41072–AG, 03–41074–AG, 03–41076–AG, 03–41078–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Alexander B. Milch, New York, New York, for Petitioner.

Steven K. Mullins, U.S. Atty. for the District of South Dakota, Michael A. Ridgeway, Asst. U.S. Atty., Sioux Falls, South Dakota, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, two thousand and six.

UPON DUE CONSIDERATION of this consolidated petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zeqir Bugaci, a native and citizen of Albania, petitions, on behalf of himself, his wife, and their two sons, for review from a final order of removal denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

In this case, the IJ found Baguci's testimony incredible because, among other things: (1) Baguci did not mention in his asylum application that he had been detained for a year in 1979; (2) Baguci failed to testify about two arrests, which were noted in his asylum application, when he was asked if he had experienced any other problems between July 1997 and September 1998; (3) Baguci testified that the first time he went to Greece was after the September 14, 1998 incident, yet in his asylum application, he stated that he went to Greece for two months after the July 1997 attack; and (4) there were significant discrepancies between Baguci's testimony and the State Department's Asylum Profile. These are "specific, cogent reasons" that "bear a legitimate nexus" to the find-

ing. *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotations omitted).

In his petition for review, Baguci argues that he produced adequate corroboration to show that he was detained, beaten, and threatened because of his political opinion. Baguci also argues that the denial of his CAT claim was not supported by testimony and evidence in the record as a whole. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Baguci failed to challenge: (1) the IJ's denial of his asylum claim based on lack of corroboration; and (2) his CAT claim; therefore, this Court lacks the jurisdiction to review the CAT claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).